**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Beulah Steen and John Doe, Defendants,

Of whom Beulah Steen is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-002193

———————————

Appeal From Chesterfield County
Michael S. Holt, Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-171
Submitted March 2, 2015 – Filed March 27, 2015

———————————

**AFFIRMED**

———————————

Cody Tarlton Mitchell, of Auman Law Firm, LLC, of Hartsville; and Matthew A. Abee, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Appellant.

Delton W. Powers, Jr., of Powers Law Firm, PC, of Bennettsville, for Respondent.

C. Heath Ruffner, of Harris McLeod & Ruffner, of
Cheraw, for Guardian ad Litem.

---

**PER CURIAM:** Beulah Steen (Mother) appeals the termination of her parental
rights (TPR), arguing the family court (1) denied her due process by failing to
appoint her counsel at the TPR hearing and (2) erred in denying her statutory right
to counsel. We affirm pursuant to Rule 220, SCACR, and the following
authorities.

1. As to whether Mother was denied due process: *Broom v. Jennifer J.*, 403 S.C.
96, 106, 742 S.E.2d 382, 387 (2013) ("In *Lassiter v. Department of Social Services
of Durham County,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), the
United States Supreme Court held there is no absolute right to counsel for an
indigent parent in a TPR proceeding. In reaching that conclusion, the Court
viewed its prior case law as establishing a presumption that an absolute right to
appointed counsel only exists where a defendant's physical liberty is at stake.").

2. As to whether Mother had a statutory right to counsel: S.C. Code Ann. § 63-7-
2560(A) (2010) ("Parents, guardians, or other persons subject to a termination of
parental rights action are entitled to legal counsel. Those persons unable to afford
legal representation must be appointed counsel by the family court, *unless the
defendant is in default*." (emphasis added)).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.